# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ROCKHILL INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-cv-0268-KD-B |
| | ) |
| **SOUTHEASTERN CHEESE** | ) |
| **CORPORATION,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This action is before the Court on the Motion for Leave to File Amended Answer filed by Alex Jones, William Belcher, J. Henry Sims and Matthew Sims (doc. 57) and the response filed by Plaintiff Rockhill Insurance Company (doc. 60). Upon consideration, and for the reasons set forth herein, the Motion is **GRANTED**. Defendants shall file their amended answer on or before **April 29, 2019**.

As grounds for amendment, Defendants state that after their answers were filed, they received additional discovery that contains facts and information that in part, further informs their denials and defenses. They seek leave to amend to add further specificity to the denials in their answer and to attach documentary evidence in support of their denials and defenses.

Plaintiff responds that the amended answers do not change the material facts relevant to its motion for judgment on the pleadings. Therefore, Plaintiff has no objection so long as granting the motion does not reopen the pleadings.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. At this stage in the litigation, Rule 15(a)(2) applies and instructs the district court that it "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.*,

800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted); *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001) (explaining that overall "there must be a substantial reason to deny a motion to amend."). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir.2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *Donley v. City of Morrow, Georgia,* 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Upon consideration of the factors, the Court finds that the interest of justice requires granting the Motion. There is no undue delay because the motion was filed within the time limit set by the Rule 16(b) Scheduling Order and soon after the receipt of discovery, which prompted the motion. Review of the docket indicates that Defendants have not engaged in bad faith or dilatory motive, nor have they repeatedly failed to cure deficiencies in prior pleadings. The deadline for discovery is July 8, 2019. Therefore, Plaintiff has sufficient time to conduct discovery with regard to the amended answers and would not be unduly prejudiced by the amended answers. Plaintiff has not raised any argument with respect to futility of allowing the amended answers.

**DONE** and **ORDERED** this 22nd day of April 2019.

         **s / Kristi K DuBose**
         **KRISTI K. DuBOSE**
         **CHIEF UNITED STATES DISTRICT JUDGE**