# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

ROCKHILL INSURANCE COMPANY, )
                                          )

    Plaintiff, )

                                          )

v. )   CIVIL ACTION NO. 2:18-cv-0268-KD-B

                                          )

SOUTHEASTERN CHEESE )
CORPORATION, *et al.*, )

                                          )

    Defendants. )

## ORDER

This action is before the Court on the Motion for Leave to File an Amended Answer and Counterclaim filed by Defendant Southeastern Cheese Corporation (doc.70). Plaintiff Rockhill Insurance Company was given an opportunity to respond but did not (doc. 73). Upon consideration, and for the reasons set forth herein, the Motion is **GRANTED**. Defendant shall file its amended answer on or before **July 8, 2019**.

Southeastern Cheese Corporation (SCC) moves the Court for leave to amend its answer to include the defenses of mistake and unclean hands and to assert a counterclaim for reformation of the Policy's Scheduled Location Endorsement. SCC argues that good cause exists to allow the amendment after the deadline for amendments to pleadings in the Rule 16(b) Scheduling Order because, despite reasonable diligence, it did not become aware of the grounds for the defenses and counterclaim until the testimony of Plaintiff Rockhill Insurance Company's corporate representative's deposition in May 2019.

Rule 16(b) provides for the issuance of a scheduling order which, in relevant part, sets forth time limits to amend the pleadings. Fed. R. Civ. P. 16(b). With respect to modification,

Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard set forth in the Rule "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" See Sosa v. Airprint System., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16 advisory committee notes). The Amended Rule 16(b) Scheduling Order was entered on January 4, 2019 (doc. 54). The deadline for amendment of pleadings was February 28, 2019. The instant motion was filed May 31, 2019, after the deadline. However, SCC noticed the deposition and deposed the corporate representative during the discovery period as set forth in the Amended Scheduling Order. The deposition was taken May 2019 and discovery does not end until July 2019. Thus, SCC acted with due diligence in pursuing discovery as well as after the grounds for amendment were ascertained at the corporate representative's deposition. Additionally, the docket indicates that the parties are actively engaged in discovery and have sought extensions of certain discovery deadlines.

Good cause to allow the modification having been shown, the Court considers whether leave to amend should be granted. Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. At this stage in the litigation, Rule 15(a)(2) applies and instructs the district court that it "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted); Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) (explaining that overall "there must be a substantial reason to deny a motion to amend."). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory

2

motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Upon consideration of the factors, the Court finds that the interests of justice require granting the Motion. Review of the docket indicates that SCC has not engaged in any undue delay, bad faith or dilatory motive, nor has it repeatedly failed to cure deficiencies in prior pleadings. SCC informs the Court that the evidence supporting this amendment is already at issue by virtue of Rockhill's Count III of its Amended Complaint and that Rockhill will not be prejudiced by the amendment, nor any deadlines affected. Although discovery ends July 8, 2019,[1] except for expert discovery, Rockhill did not respond to this motion and therefore, did not raise any argument as to undue prejudice should the amendment be allowed or futility of the amendment. Accordingly, the Court finds no substantial reason to deny SCC's motion.

**DONE** and **ORDERED** this 27th day of June 2019.

**s / Kristi K DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The summary judgment deadline is August 2, 2019, the final pretrial conference is December 12, 2019, and jury selection and trial are scheduled during the January 2020 term at the U.S. District Court in Selma, Alabama (doc. 54).